# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MAHRAM ALI and
BABAKARKHIL ABDUL TAWAB,

    Plaintiffs,

v.                          Case No. 22-2559

ARROW WORKFORCE SOLUTIONS, INC.,

    Defendant.

## COMPLAINT UNDER THE FLSA

Plaintiffs Mahram Ali and Babakarkhil Abdul Tawab file this Complaint against Defendant Arrow Workforce Solutions, Inc. under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for minimum wage violations, and for breach of contract and quantum meruit/unjust enrichment under Tennessee law.

### I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction to hear Plaintiffs' state law breach of contract and quantum meruit/unjust enrichment claims under 28 U.S.C. § 1367 as those allegations are directly related to the same events that form the basis for Plaintiffs' FLSA claims.

### II. FACTS

3. Plaintiff Mahram Ali ("Mr. Ali") is an adult resident of Memphis, Tennessee. Plaintiff was employed by Defendant from approximately February 14, 2022, until March 1,

2022, as a general laborer. At all relevant times, Mr. Ali was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

4. Plaintiff Babakarkhil Abdul Tawab ("Mr. Tawab") is an adult resident of Memphis, Tennessee. Plaintiff was employed by Defendant from approximately February 14, 2022, until March 1, 2022, as a general laborer. At all relevant times, Mr. Tawab was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant Arrow Workforce Solutions, Inc. ("Arrow Workforce Solutions" or "Defendant") is a for-profit corporation formed and organized under Florida state law and currently conducting business as a staffing agency at 1609 Madison Ave., Memphis, TN 38104. The president of the company is identified as Hosamel Din Ibrahim who works at 1609 Madison Ave., Memphis, TN 38104.

6. At all relevant times herein, Defendant Arrow Workforce Solutions was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant Arrow Workforce Solutions is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

8. Defendant Arrow Workforce Solutions is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of

sales made or business done of not less than $500,000.  Specifically, Arrow Workforce Solutions is a temporary staffing solutions company that provides workers to companies like FedEx and has annual sales of not less than $500,000.

9. Defendant hired Plaintiffs to work as box handlers and placed them to work at the FedEx airport hub for FedEx Express.  Plaintiffs were to work Monday through Friday, 10:00 p.m. to 4:00 a.m., and be paid $20 per hour.

10. After going through training, Plaintiffs began work on Monday, February 14, 2022, and worked the 10:00 p.m. to 4:00 a.m. shift.  Upon arriving on the first day at the hub, Plaintiffs' names were not on the work list.  Instead, they were given a sheet of paper to scan in and out that did not have their names on it.

11. After scanning in, Plaintiffs reported to a FedEx supervisor named Marsha and were assigned duties to perform.

12. This same process was repeated—with Plaintiffs' names not on the work list—for several days, and Plaintiffs grew worried about their names not being on the list.  They raised the issue with the FedEx supervisor, Marsha, who told them it would eventually get straightened out.  They also raised the issue directly with individual managers employed by Arrow Workforce Solutions, but those managers took no action to correct the issue.

13. After two weeks of working, Plaintiffs again reported to work on Monday, February 28, 2022.  Again, their names were not on the work list.  This time, however, Plaintiffs wrote their names on the top of the paper sheet they were given to scan in and out.

14. The following evening, Tuesday, March 1, 2022, Plaintiffs reported for work but were told by FedEx employees that their names were not on the list, and they were sent home.  FedEx instructed them to speak to Arrow Workforce Solutions.

15. Plaintiffs again tried to address the issue with Defendant Arrow Workforce Solutions' employees. But again, Defendant took no action to remedy the issue and refused to pay Plaintiffs for their time.

16. Plaintiffs estimate that they worked 66 hours and never received payment for their labor.

17. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than $7.25 per hour worked.

18. Defendant failed to compensate Plaintiffs at the required minimum wage rate.

19. At this juncture, Plaintiffs estimate that they were deprived of compensation during the applicable statutory period in the amount of approximately $1,320.00 each.

20. As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1). Thus, Plaintiffs suffered a loss of wages.

21. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

22. Thus, the foregoing conduct on the part of Defendant constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless disregard for the fact that its compensation practices violated federal law.

### III. COUNT I

**FEDERAL MINIMUM WAGE VIOLATIONS**
**(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

23. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully

set forth herein.

24. The FLSA requires covered employers to pay each of their employees no less than $7.25 per hour worked.  29 U.S.C. § 206(a)(1)(C).

25. During the applicable statutory period, Defendant failed to pay Plaintiffs any compensation and thus failed to pay the prescribed minimum wage rate as required by the FLSA.

26. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs.

27. Defendant's willful failure and refusal to pay Plaintiffs' minimum wages for time worked violates the FLSA.  29 U.S.C. § 206.

28. As a direct and proximate result of these unlawful practices, Plaintiffs suffered wage loss and are therefore entitled to recover unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, and costs, and such other legal and equitable relief as the Court deems just and proper.

## IV. COUNT II

### BREACH OF CONTRACT UNDER TENNESSEE LAW

29. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

30. Plaintiffs in accepting employment with Defendant agreed to provide their labor and services in exchange for an hourly wage payment of $20.

31. Plaintiffs then provided approximately 66 hours of work each under their agreement with Defendant.

32. In exchange, Defendant did not pay Plaintiffs the agreed upon wage and, in fact, did not pay Plaintiffs any compensation for their work.

33. Defendant's actions constitute a breach of contract in violation of Tennessee law.

34. As a result, Plaintiffs are entitled to recover the wages agreed upon in their contract with Defendant.

## V. COUNT III

## QUANTUM MERUIT/UNJUST ENRICHMENT UNDER TENNESSEE STATE LAW

35. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

36. Under the doctrine of quantum meruit/unjust enrichment, Defendant contractually agreed to pay, and was required to pay, Plaintiffs for all hours worked. Plaintiffs rendered valuable services to Defendant by working on-call hours for which he was not properly compensated, and Defendant has withheld wages, which in equity and good conscience belong to Plaintiffs.

37. Failing to pay all regular/non-overtime hours to Plaintiffs unjustly enriched Defendant at the expense of Plaintiffs and in violation of Tennessee law.

38. As a result, Plaintiffs have suffered a loss in pay.

39. Plaintiffs are entitled to wages for regular, non-overtime (straight time) hours worked.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

40. Judgment against Defendant for an amount equal to unpaid back wages at the applicable minimum wage and/or agreed upon rate;

41. Judgment against Defendant that its violations of the FLSA were willful;

42. An equal amount to the unpaid wages as liquidated damages;

43. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

44. Leave to amend to add other defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d);

45. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and

46. For all such further relief as the Court deems just and equitable

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFFS